UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ROBERT BRIAN PARKER,
Plaintiff,
v.
BANKS OF CALIFORNIA,
Defendants.

Case No.: 3:26-cv-04986-CAB-BJW

**(1) ORDER TO SHOW CAUSE; and**

**(2) ORDER DENYING MOTION TO APPOINT COUNSEL, [Doc. No. 6].**

On September 2, 2026, Plaintiff Robert Brian Parker, proceeding pro se, filed a complaint against the "Banks of California," which, based on his Civil Cover Sheet, appears to refer to Wells Fargo Bank of San Diego and US Bank of San Diego. [Doc. Nos. 1, 1-1.] The Civil Cover Sheet selects federal question jurisdiction but lists only "CA Civ Pro Code & 1530 (2025)" as a cause of action. [Doc. No. 1-1.]

Generally, for the Court to have original federal subject matter jurisdiction, a case must either involve diversity of citizenship between the parties or involve a claim arising under federal law. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required."). Here, the complaint itself does not assert any cause of action, let alone a federal cause of action. [*See generally* Doc. No. 1.]

On November 4, 2026, Plaintiff filed a motion for appointment of pro bono counsel. [Doc. No. 6.] "[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resol. Tr. Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). The Court nevertheless has discretion to appoint an attorney to represent indigent civil litigants upon a showing of "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). In deciding whether to appoint counsel, the Court "must determine whether a) there is a likelihood of success on the merits; and b) the [litigant] is unable to articulate his claims in light of the complexity of the legal issues involved." *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014).

Given that the complaint fails to identify any cause of action or the basis for federal jurisdiction, the Court cannot assess Plaintiff's likelihood of success or his ability to articulate his claims. It is also too early in the case to make these determinations. *See Campos v. K.U.S.I. News Media*, No. 3:19-cv-01455-BAS-AGS, 2019 WL 4674290, at *2 (S.D. Cal. Sep. 24, 2019) (denying motion to appoint counsel in part because it was "simply too soon to tell whether he will be likely to succeed on the merits of any potential constitutional claim").

## I. CONCLUSION

Plaintiff is **ORDERED TO SHOW CAUSE**, by **December 21, 2026**, as to why this Court has subject matter jurisdiction and to specify the causes of action he is pursuing. Failure to timely respond to this Order will result in dismissal of this lawsuit.

///

///

///

///

///

///

///

Plaintiff's motion to appoint counsel is **DENIED WITHOUT PREJUDICE**. [Doc. No. 6.] Plaintiff may renew his request if his situation changes such that he can make the necessary showing that he is both likely to succeed on the merits of his claims and unable to competently articulate those claims. *Cano*, 739 F.3d at 1218.

It is **SO ORDERED**.

Dated: November 19, 2026

Hon. Cathy Ann Bencivengo
United States District Judge